IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

PATRICIA ANN VEAZEY                                                                           PLAINTIFF

vs.                                           Civil No. 6:10-cv-06058

MICHAEL J. ASTRUE                                                                            DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Patricia Ann Veazey ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed an application for DIB on November 30, 2005.  (Tr. 11, 46-47). Plaintiff alleged she was disabled due to a fungus in her lungs.  (Tr. 131-A).  Plaintiff alleged an onset date of November 30, 2005.  (Tr. 11, 131-A).  These applications were denied initially and again upon reconsideration.  (Tr. 26-28).

Thereafter, on June 1, 2007, Plaintiff requested an administrative hearing on her application,

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

1

and this hearing request was granted. (Tr. 29). Plaintiff's administrative hearing was held on April 2, 2008 in Hot Springs, Arkansas. (Tr. 389-405). Plaintiff was present but was not represented by counsel at this hearing. (Tr. 389-405). Only Plaintiff and a witness for Plaintiff testified at this hearing. *Id.* At the time of this hearing, Plaintiff was sixty-five (65) years old, which is defined as a "person of advanced age" under 20 C.F.R. § 404.1563(e), and had completed the tenth grade in high school. (Tr. 394).

On September 26, 2008, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 11-19). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2007. (Tr. 13, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since November 30, 2005, her alleged onset date. (Tr. 13, Finding 2). The ALJ determined Plaintiff had the following severe impairments: granulomatous disease of the left lower lobe with bronchial artery erosion and hypertension (generally well controlled). (Tr. 13, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 13-14, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 14-18, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(b). Thus, the undersigned Administrative Law Judge has concluded that the claimant retains the ability to lift-carry and/or push-pull up to 20 pounds occasionally and 10 pounds frequently with the ability to stand and/or

> walk up to 6-8 hours in an 8-hour workday and the ability to sit without significant limitations. The claimant should avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, etc.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 19, Finding 6). The ALJ determined Plaintiff's PRW included work as a restaurant cook and a precision cutter (production worker). *Id.* Based upon her RFC, the ALJ determined Plaintiff's RFC did not preclude her from performing any of this PRW. *Id.* Accordingly, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from November 30, 2005 through the date of his decision or through September 26, 2008. (Tr. 19, Finding 7).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 6-7). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 3-5). On August 9, 2010, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on August 20, 2010. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 12-13. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have

supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to

the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.     **Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 12. Specifically, Plaintiff claims the ALJ erred by improperly discrediting her testimony regarding her impairments. *Id.* Because this Court agrees with Plaintiff's argument and finds the ALJ improperly evaluated Plaintiff's subjective complaints, this Court will only address that issue.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not perform a proper *Polaski* analysis. Instead of evaluating the *Polaski* factors and noting inconsistencies between Plaintiff's subjective complaints and the evidence in the record, the ALJ merely summarized the medical records and recited he complied with *Polaski*:

> As for the opinion evidence, as further required by Polaski v. Heckler, the Administrative Law Judge has also given careful consideration to the medical evidence, including the observations and opinions of treating and examining physicians, relative to what effect, if any, the claimant's symptoms might have on her ability to engage in substantial gainful work activity.

(Tr. 18).

The ALJ then found Plaintiff's subjective complaints were not credible because they were not supported by the objective medical evidence:

> Notably, there is no probative, objective medical evidence to show that the claimant has ever been advised by any treating or examining physician that her symptoms are of such severity as to completely preclude involvement in substantial gainful activity. There is also no objective medical evidence to show that the claimant has ever been medically advised to permanently limit activities secondary to any medically determinable impairment or combination of impairments.

(Tr. 18).

Instead of discounting Plaintiff's subjective complaints based upon the medical evidence alone, the ALJ was also required to evaluate the *Polaski* factors. *See Polaski,* 739 F.2d at 1322 (holding the ALJ cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]"). Because the ALJ did not comply with *Polaski*, this case must be reversed and remanded.[3]

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 29th day of September, 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[3] This remand is ordered solely for the purpose of permitting the ALJ the opportunity to comply with the requirements of *Polaski*. No part of this remand should be interpreted as an instruction that disability benefits be awarded. Upon remand, the ALJ should further evaluate the evidence and make a disability determination, subject to this Court's later review.

7